Bailey *v.* Rust.

## *George Bailey *v.* Joseph Rust, Jr. & als.

If two persons, being tenants in common of a lot of land embracing a mill privilege, make partition of the lot by mutual deeds of release, and in each of the deeds make a reservation " of one half the mill privileges on said land, with the right of using the same," the effect is, to divide the land, but to leave the mill privileges in common as before.

Where such owner in common of half the mill privileges on the whole lot conveys to a third person certain mills not in controversy, and also conveys in the same deed " one half of all the water for a gristmill, *on said lot,* below the mills before mentioned," the grantee takes one half of all' the water, if so much be necessary, for the use of a gristmill to be erected below the mills then existing.

Where each of' two persons, having equal rights to a water privilege of sufficient power to drive but one mill, has recently erected a mill on his own land, neither acquires a priority of right by first erecting his mill; but each has an equal right to the use of the water therefor, and neither can maintain an action founded in tort for such use of the water thus owned in common, before their rights become several by partition thereof.

The action was *trespass* on the case, whereby the plaintiff claimed damages of the defendants for erecting a dam and mill below the mill of the plaintiff and on the same stream, and thereby raising a head of water which flowed back upon the plaintiff's mill, dam and land, and greatly injured and destroyed his timber, grass and interval.     After the plaintiff's evidence was closed, Weston C. J. directed a nonsuit, which was to be set aside, if the Court should be of opinion that the action was maintainable on the facts.     The material facts are stated in the opinion of the Court.

*Foote* and *J. S. Abbott,* argued for the plaintiff, and cited *Hatch* v. *Dwight,* 17 *Mass. R.* 289 ; 2 *Dane, c.* 55, *art.* 3, *sec.* 15 ; *Miller* v. *Miller,* 7 *Pick.* 133 ; *Co. Lit.* 200, *b* ; 2 *Black. Com.* 193 ; 3 *Black. Com.* 221, 235 ; *Cro. Eliz.* 803 ; *Rising* v. *Stannard,* 17 *Mass. R.* 285 ; *Bartlett* v. *Harlow,* 12 *Mass. R.* 352 ; *Blanchard* v. *Baker,* 8 *Greenl.* 253.

*Mellen* argued for the defendant, and cited *Stowell* v. *Flagg,* 11 *Mass. R.* 364.

* This case was intended to have been published in the preceding volume, but was accidentally mislaid.

Bailey *v.* Rust.

The case was continued for advisement, and the opinion of the Court was drawn up by

WESTON C. J. — It appears, that *John M. Bailey* and *George Z. Mears*, being tenants in common of lot number eight, embracing certain mill privileges, did in *January*, 1828, make partition of that lot by mutual deeds of release, but in each of the deeds there was a reservation " of one half the mill privileges on said land with the right of using the same." Each conveyed to the other his interest in the land described by metes and bounds, excepting, from the operation of the deed, the half of the mill privileges, previously owned by each.

The effect of this was, and so the parties must have intended, to divide the land, but to leave the mill privileges in common as before. In *October*, 1833, *John M. Bailey* conveyed his interest in the land, which had been assigned to him, with the same reservation as to the mill privileges, to the plaintiff; but he did not transfer to him the interest, which he had in the privileges on the land, which had been assigned to *Mears*. The operation of this deed was, to convey by metes and bounds, part of the right which the grantor had in the common property. This though operative between the parties, might be defeated by his co-tenant, who could not be deprived of his right, if it should so be adjudged upon partition, to have his part assigned to him in severalty, in the part conveyed to the plaintiff; but as the plaintiff's title to half the privilege on his land in common is not controverted, we may, for the purposes of this investigation, regard him as the owner of the mill privilege or privileges on his land, in that proportion.

In *October*, 1828, *Mears*, being the owner in common of half the privileges on the whole of number eight, conveyed to *Lot Rust*, one of the defendants, a portion of certain mills, not in controversy, also " one half of all the water for a grist mill, on said lot number eight, below the mills before mentioned." What was to be below those mills, the gristmill, or one half of all the water for its use ? We think the gristmill ; and that the fair and just construction of this part of the deed is, that *Rust* was to have half of all the water for the use of a gristmill, to be erected below the mills then existing. The grantor was the owner of one half of all

the water; and it is wanted to enable his grantee to avail himself beneficially of what was conveyed. *Rust* thus became the assignee of half the water, which had been previously owned by *Mears*, at least so far as the same is necessary for the use of his gristmill. Whatever use of the water for this purpose, it was competent for *Mears* to make, has been conveyed to his assignee, *Rust*. It results, that from the date of the deed to *Rust*, he was tenant in common of the right to the use of the water, first with *John M. Bailey*, and then with the plaintiff, his grantee.

It appears, that where the plaintiff and *Rust* have erected their mills, there is but one privilege, which can be beneficially used. But each has a right to the use; and if their rights conflict, and they cannot come to an understanding between themselves, their only remedy is, to take legal measures to have partition made. The plaintiff cannot by his previous erection, deprive the defendant, *Rust*, of his equal right. The plaintiff had a right to build his mill upon the common privilege; and *Rust* could not, while he occupied, turn the plaintiff out and usurp his place. But *Rust* had a right to build his mill and dam below. There the plaintiff had no interest whatever. And if the effect of this is, to impair the value of the plaintiff's mill or land above, it is but the consequence of the use of the water, which the grantor of *Rust* specially reserved to himself. To decide otherwise, would be to render the reservation altogether ineffectual, and to deprive *Mears* and his assignee, *Rust*, of all rights under it.

It is contended, that the use made of the privilege by *Rust*, destroys the interest of the plaintiff. It may be equally said, if the plaintiff prevails, that his prior use destroys that of the defendant. Both may use the water; but in the conflict, in which each has attempted to exclude the other, *Rust* has an advantage, his mill and dam being lower down the stream.

We are of opinion, that the defendants are not answerable in an action founded in tort, for the use they have made of the water, to which the parties were entitled in common. If they cannot agree among themselves, the plaintiff may be restored to his rightful share upon partition made in pursuance of law.

*Nonsuit confirmed.*